**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------x

Mendel Streicher,

                     Plaintiff,                         **C.A. No.:** 7:22-cv-4849

        -against-                              **DEMAND FOR JURY TRIAL**

Transunion, LLC,
Barclays Bank Delaware,

                     Defendant(s).

-------------------------------------------------------------------------x

## COMPLAINT

Plaintiff Mendel Streicher ("Plaintiff"), by and through his attorneys, and as for his Complaint against Defendant Transunion, LLC ("Transunion") and Defendant Barclays Bank Delaware ("Barclays") respectfully sets forth, complains, and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1367, as well as 15 U.S.C. § 1681p *et seq*.

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), being that the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

3. Plaintiff brings this action for damages arising from the Defendants' violations of 15 U.S.C. § 1681 *et seq*., commonly known as the Fair Credit Reporting Act ("FCRA").

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Rockland.

5. At all times material hereto, Plaintiff was a "consumer" as said term is defined under 15 U.S.C. § 1681a(c).

6.    Defendant Transunion is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f) and conducts substantial and regular business activities in this judicial district. Defendant Transunion is a Delaware entity registered to do business in the State of New York, and may be served with process upon the Prentice-Hall Corporation System, located at 80 State Street, Albany, NY 12207.

7.    At all times material here to Defendant Transunion is and was a consumer reporting agency regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as said term is defined under 15 U.S.C. § 1681(d) to third parties.

8.    At all times material hereto, Defendant Transunion disbursed such consumer reports to third parties under a contract for monetary compensation.

9.    Defendant Barclays is a person who furnishes information to consumer reporting agencies under 15 U.S.C. § 1681s-2 with an address at 125 S. West Street, Wilmington, DE 19801.

## FACTUAL ALLEGATIONS

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

### Barclays Dispute and Violation

11. On information and belief, on a date better known to Defendant Transunion, Defendant Transunion prepared and issued credit reports concerning the Plaintiff that included inaccurate and misleading information relating to his Barclays account (Account # 2989xxxx).

12. The inaccurate information furnished by Defendant Barclays and published by Defendant Transunion is inaccurate since the account contains an incorrect current payment status of "30 days past due."

13. Upon information and belief, the Plaintiff's account was paid and closed.

14. Despite this, and the fact that the Plaintiff no longer had an obligation to Barclays, Transunion continued to report the Plaintiff's payment status as "30 days past due"

15. Defendant Transunion further failed to actually note Plaintiff's payment of the account anywhere within the report.

16. The pay status is of significance. This field is specifically designed to be understood as the current status of the account. As such credit scoring algorithms take this data field into account when generating a credit score, and when it is showing this negative status, it would cause a lower credit score to be generated than a closed status.

17. In almost all instances' creditors make their credit lending decisions based on these automatically generated credit scores.

18. For this reason, it is not appropriate to state that when the report as read as a whole contains enough information as to not harm the consumer, since the harm to the credit score is happening automatically with this false information.

19. Even when read as a whole, Defendant Transunion's report still fails to properly advise as to the status of Plaintiff's account.

20. Specifically, the report contains internal inconsistencies that make it impossible to determine the true nature of the account.

21. When there are such internal inconsistencies within a report, a reviewer would, at a minimum, presume that there is a mistake within the reporting.

22. As noted, despite the fact that Plaintiff paid the balance resulting in the closure of the account and extinguishment of all rights and liabilities under the account, Defendant Transunion

wholly fails to reference such payment anywhere within the report, making it impossible to determine the true nature of the account.

23. Adding further confusion to the true status of the account, Defendant Transunion notes a "Credit Limit" of $15,000.

24. The inclusion of said "Credit Limit" creates the impression that the account remains active with an available credit limit.

25. When read in conjunction with the "Payment Status" of "30 days past due," the report gives the impression that the account is not just open, but remains delinquent.

26. Defendant Transunion has been reporting this inaccurate information through the issuance of false and inaccurate credit information and consumer reports that it has disseminated to various persons and credit grantors, both known and unknown.

27. Plaintiff notified Defendant Transunion that he disputed the accuracy of the information Defendant Transunion was reporting on or around October 25, 2021.

28. It is believed and therefore averred that Defendant Transunion notified Defendant Barclays of the Plaintiff's dispute.

29. Upon receipt of the disputes of the accounts from the Plaintiff by Defendant Transunion, Defendant Barclays failed to conduct a reasonable investigation and continued to report false and inaccurate adverse information on the consumer report of the Plaintiff with respect to the disputed account.

30. Had Defendant Barclays done a reasonable investigation of the Plaintiff's disputes, it would have been revealed to Barclays that the current payment status for this account was improperly listed as "30 days past due."

31. Had Defendant Barclays done a reasonable investigation of Plaintiff's disputes, it would have been revealed to Barclays that the account did not properly reflect Plaintiff's payment of the underlying debt.

32. Had Defendant Barclays done a reasonable investigation of Plaintiff's disputes, it would have further been revealed that reporting a "Credit Limit" on the closed account was improper.

33. Despite the dispute by the Plaintiff that the information on his consumer report was inaccurate with respect to the disputed accounts, Defendant Transunion did not timely evaluate or consider any of the information, claims, or evidence of the Plaintiff and did not timely make an attempt to substantially reasonably verify that the derogatory information concerning the disputed account was inaccurate.

34. Defendant Transunion violated 15 U.S. Code § 1681i (a)(1)(A) by failing to conduct a reasonable investigation since it failed to delete or correct the disputed trade line within 30 days of receiving Plaintiff's dispute letter.

35. Had Defendant Transunion done a reasonable investigation of the Plaintiff's dispute, it would have been revealed to Defendant Transunion that the current payment status on the account was improperly listed.

36. Had Defendant Transunion done a reasonable investigation of Plaintiff's disputes, it would have been revealed that the account did not properly reflect Plaintiff's payment of the underlying debt.

37. Had Transunion done a reasonable investigation of Plaintiff's disputes, it would have further been revealed that reporting a "Credit Limit" on the closed account was improper.

38. Notwithstanding Plaintiff's efforts, Defendants continued to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors, as evidenced by the inquiries on the Plaintiff's credit report in the form of hard and soft pulls.

39. As a result of the Defendants failure to comply with the FCRA, the Plaintiff suffered concrete harm in the form of loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on applications for future credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

40. Specifically, the Transunion report was disseminated to Capital One on April 6, 2021 in the form of a hard inquiry.

### FIRST CAUSE OF ACTION

### (Willful Violation of the FCRA as to Transunion)

41. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

42. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

43. Transunion violated 15 U.S.C. § 1681(e) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files that Transunion maintained concerning the Plaintiff.

44. Transunion has willfully and recklessly failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e) The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f) The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g) The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h) The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

45. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

46. The conduct, action and inaction of Transunion was willful rendering Transunion liable for actual, statutory and punitive damages in an amount to be determined by a Judge and/or Jury pursuant to 15 U.S.C. § 1681(n).

47. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681 (n).

WHEREFORE, Plaintiff, Mendel Streicher, an individual, demands judgement in his favor against Defendant, Transunion, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## SECOND CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Transunion)

48. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

49. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 et seq.

50. Transunion violated 15 U.S.C. § 1681i(a) by failing to delete inaccurate information from the credit file of the Plaintiff after receiving actual notice of such inaccuracies and conducting reinvestigation and by failing to maintain reasonable procedures with which to verify the disputed information in the credit file of the Plaintiff.

51. Transunion has negligently failed to comply with the Act. The failure of Transunion to comply with the Act include but are not necessarily limited to the following:

    a) The failure to follow reasonable procedures to assure the maximum possible accuracy of the information reported;

    b) The failure to correct erroneous personal information regarding the Plaintiff after a reasonable request by the Plaintiff;

    c) The failure to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by the Plaintiff;

    d) The failure to promptly and adequately investigate information which Defendant Transunion had notice was inaccurate;

e)  The continual placement of inaccurate information into the credit report of the Plaintiff after being advised by the Plaintiff that the information was inaccurate;

f)  The failure to continuously note in the credit report that the Plaintiff disputed the accuracy of the information;

g)  The failure to promptly delete information that was found to be inaccurate, or could not be verified, or that the source of information had advised Transunion to delete;

h)  The failure to take adequate steps to verify information Transunion had reason to believe was inaccurate before including it in the credit report of the consumer.

52. As a result of the conduct, action and inaction of Transunion, the Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denial.

53. The conduct, action and inaction of Transunion was negligent, entitling the Plaintiff to damages under 15 U.S.C. § 1681o.

54. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Transunion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Mendel Streicher, an individual, demands judgement in his favor against Defendant, Transunion, for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681o.

## THIRD CAUSE OF ACTION

### (Willful Violation of the FCRA as to Barclays)

55. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

56. This is an action for willful violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq.*

57. Pursuant to the Act, all persons who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information contained in a consumer credit report.

58. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

59. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

60. The Defendant Barclays violated 15 U.S.C. § 1681s-2 by failing to fully and properly investigate the dispute of the Plaintiff; by failing to review all relevant information regarding same by failing to correctly report results of an accurate investigation to the credit reporting agencies.

61. Specifically, the Defendant Barclays continued to report this account on the Plaintiff's credit report improperly after being notified of his dispute regarding the current payment status.

62. As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

63. The conduct, action and inaction of Defendant Barclays was willful, rendering Defendant Barclays liable for actual, statutory and punitive damages in an amount to be determined by a jury pursuant to 15 U.S.C. § 1681n.

64. The Plaintiff is entitled to recover reasonable costs and attorney's fees from Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, Mendel Streicher, an individual demands judgement in his favor against Defendant Barclays for damages together with attorney's fees and Court costs pursuant to 15 U.S.C. § 1681n.

## FOURTH CAUSE OF ACTION

### (Negligent Violation of the FCRA as to Barclays)

65. Plaintiff incorporates by reference the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

66. This is an action for negligent violation of the Fair Credit Reporting Act U.S.C. § 1681 *et seq*.

67. Pursuant to the Act, all person who furnished information to reporting agencies must participate in re-investigations conducted by the agencies when consumers dispute the accuracy and completeness of information in a consumer credit report.

68. Pursuant to the Act, a furnisher of disputed information is notified by the reporting agency when the agency receives a notice of dispute from a consumer such as the Plaintiff. The furnisher must then conduct a timely investigation of the disputed information and review all relevant information provided by the agency.

69. The results of the investigation must be reported to the agency and, if the investigation reveals that the original information is incomplete or inaccurate, the information from a furnisher such as the Defendant must be reported to other agencies which were supplied such information.

70. Defendant Barclays is liable to the Plaintiff for failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2.

71. After receiving the Dispute Notice from Defendant Transunion, Defendant Barclays negligently failed to conduct its reinvestigation in good faith.

72. A reasonable investigation would require a furnisher such as Defendant Barclays to consider and evaluate a specific dispute by the consumer, along with all other facts, evidence and materials provided by the agency to the furnisher.

73. The conduct, action and inaction of Defendant Barclays was negligent, entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

74. As a result of the conduct, action and inaction of the Defendant Barclays, the Plaintiff suffered damage for the loss of credit, loss of the ability to purchase and benefit from credit, a chilling effect on future applications for credit, and the mental and emotional pain, anguish, humiliation and embarrassment of credit denials.

75. The Plaintiff is entitled to recover reasonable costs and attorney's fees from the Defendant Barclays in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and 1681o.

WHEREFORE, Plaintiff, Mendel Streicher, an individual, demands judgement in his favor against Defendant Barclays for damages together with attorney's fees and court costs pursuant to 15 U.S.C. § 1681o.

## DEMAND FOR TRIAL BY JURY

76. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues this Complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from each Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1681o(a) be awarded for each negligent violation as alleged herein;

b)  For actual damages provided and pursuant to 15 U.S.C. § 1640(a)(1);

c)  For Statutory damages provided and pursuant to 15 U.S.C. § 1681n(a);

d)   For Statutory damages provided and pursuant to 15 U.S.C. § 1640(a)(2);

e)  For Punitive damages provided and pursuant to 15 U.S.C. § 1681n(a)(2);

f)  For attorney fees and costs provided and pursuant to 15 U.S.C. § 1681n(a)(3), 15 U.S.C. § 1681o(a)(2) and 15 U.S.C. § 1640(a)(3);

g)  For any such other and further relief, as well as further costs, expenses and disbursements of this action as this Court may deem just and proper.


Dated:  June 9, 2022                                          **STEIN SAKS, PLLC**

                                                             By: */s/ Christofer Merritt*
                                                             Christofer Merritt, Esq.
                                                             cmerritt@steinsakslegal.com
                                                             One University Plaza, Suite 620
                                                             Hackensack, NJ 07601
                                                             Tel: (201) 282-6500
                                                             Fax: (201) 282-6501

                                                             ATTORNEYS FOR PLAINTIFF